1  MATTHEW D. MURPHEY (SBN: 194111)
2  LINDSAY J. HULLEY (SBN: 184924)
   GORDON & REES LLP
3  4675 MacArthur Court, Suite 800
4  Newport Beach, California 92660
   Telephone: (949) 255-6950
5  Facsimile: (949) 474-2060
6  Email: mmurphey@gordonrees.com
          lhulley@gordonrees.com
7
8  KIMBERLY D. HOWATT (SBN: 196921)
   GORDON & REES LLP
9  101 West Broadway, Suite 1600
10 San Diego, California 92101
   Telephone: (619) 696-6700
11 Facsimile: (619) 696-7124
12 Email: khowatt@gordonrees.com

13 Attorneys For Plaintiff,
   SEIRUS INNOVATIVE ACCESSORIES, INC.
14

15
                    UNITED STATES DISTRICT COURT
16
                   SOUTHERN DISTRICT OF CALIFORNIA
17

18

19  SEIRUS INNOVATIVE                    Case No.   '09 CV 0102 WS WMc
    ACCESSORIES, INC., a Utah
20  corporation,                         COMPLAINT FOR:
21                      Plaintiff,
                                         (1) PATENT INFRINGEMENT;
22  v.
                                         (2) UNFAIR COMPETITION
23
    CABELA'S, Inc., a Delaware
24  corporation,                         DEMAND FOR JURY TRIAL
25
                        Defendant.
26

27

28

                                  - 1 -
                               COMPLAINT

For its claims against defendant CABELA'S, INC. ("CABELA'S"), plaintiff SEIRUS INNOVATIVE ACCESSORIES, INC. ("SEIRUS"), hereby alleges as follows:

## PARTIES

1. SEIRUS is a Utah corporation with its principal place of business at 13975 Danielson Street, Poway, California 92064.

2. Upon information and belief, CABELA'S is a Delaware corporation with a principal place of business at One Cabela Drive, Sidney, Nebraska 69160.

## JURISDICTION AND VENUE

3. This civil action for patent infringement arises under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, and for unfair competition, palming off and passing off and arises under the Lanham Act, and, more specifically, under the provisions of 15 U.S.C. § 1125(a). The court also has jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1338(a) and (b).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b) as CABELA'S sells the accused products alleged herein within this judicial district, and the facts alleged herein and giving rise to the claims in this Complaint substantially occurred within this judicial district.

## FACTS COMMON TO ALL CLAIMS

(A) **SEIRUS' PATENTS**

5. SEIRUS is the owner of United States Letters Patent No. 5,214,804 (the "'804 PATENT") which issued on June 1, 1993 and is titled "PROTECTIVE MASK WITH SCARF."

6. SEIRUS is the owner of United States Letters Patent No. 6,272,690 (the "'690 PATENT") which issued on August 14, 2001 and is titled "HEAD COVERING."

///
///

Gordon & Rees LLP
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660

7. SEIRUS is the owner of United States Letters Patent No. D510,652 (the "'652 PATENT") which issued on March 13, 2007 and is titled "NECK PROTECTOR."

**(B)** **CABELA'S INFRINGEMENT OF SEIRUS' PATENTS**

8. CABELA'S is offering for sale and, upon information and belief, has sold in this judicial district and elsewhere throughout the United States the following product, that falls within the scope of at least one claim of the '804 PATENT: CABELA'S SOFT SHELL TECHNICAL BALACLAVA.

9. CABELA'S is offering for sale and, upon information and belief, has sold in this judicial district and elsewhere throughout the United States the following product, that falls within the scope of at least one claim of the '690 PATENT: CABELA'S SOFT SHELL TECHNICAL BALACLAVA.

10. CABELA'S is inducing others to infringe and is contributorily infringing the '690 PATENT, literally or under the doctrine of equivalents by using, offering for sale and, upon information and belief, selling in this judicial district and elsewhere throughout the United States the following products, including but not limited to, CABELA'S SOFT SHELL TECHNICAL BALACLAVA and sport goggles, in violation of 35 U.S.C. §§ 271(b) and (c).

11. CABELA'S is offering for sale and, upon information and belief, has sold in this judicial district and elsewhere throughout the United States the following product, that falls within the scope of at least one claim of the '652 PATENT: CABELA'S ZIP NECK GAITER.

**(C)** **SEIRUS' TRADE DRESS IN PRODUCTS AND PACKAGING**

(i) SEIRUS' PRODUCT TRADE DRESS

12. By virtue of the extensive use, sale and advertising by SEIRUS and others on behalf of SEIRUS, the shape, form and appearance (hereinafter the "SEIRUS PRODUCT TRADE DRESS") of the *MASQUE*™ face protector; the *NEOFLEECE® COMFORT MASQUE*™ face protector; the *NEOFLEECE®*

*EXTREME MASQUE*™ neck and face protector; the *NEOFLEECE® COMBO SCARF*™ face and neck protector; the *WEATHER SHIELD*™ face and neck protector; the *COMBO CLAVA®* head, face and neck protector; the *ULTRA CLAVA®* head, face and neck protector; the *MICRO COMBO HEADLINER*™ face, head and neck protector; *COMBO TNT HEADLINER*™ face, head and neck protector; and *NEOFLEECE® HEADLINER*™ head, face and neck protector (the "SEIRUS PROTECTOR LINE"), are inherently distinctive and have acquired distinctiveness and secondary meaning to signify SEIRUS as the manufacturer and the source of these goods.

    (ii)   <u>SEIRUS' PACKAGING TRADE DRESS</u>

13. By virtue of the extensive use, sale and advertising by SEIRUS and others on behalf of SEIRUS, the shape, form and appearance in use of its packaging for the *MASQUE*™ face protector, (hereinafter the "SEIRUS PACKAGING TRADE DRESS"), has acquired secondary meaning in the market for cold-weather headgear, the combination of elements more specifically described as follows:

    (a)   The product is folded in such a way as to permit it to be displayed as flat as possible.

    (b)   The product is folded in such a way that the product is displayed in "profile,"; that is, as it would be seen on a user, viewed from the side.

    (c)   The product is folded around a cardboard display card that is designed to be suspended from a hook, i.e., with a hole or cutout at the top.

    (d)   The product is fastened to the cardboard display with a J-hook.

    (e)   The cardboard display card is of sufficient stiffness that it is not required to be placed in another container in order for it to maintain stability on display and does not deform upon handling by a prospective purchaser.

///

Gordon & Rees LLP
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660

(f) The resulting product display configuration is not further wrapped or enclosed, leaving the product open to the air and permitting the product to be touched by the prospective purchaser.

(g) A portion of the cardboard display card remains visible, and contains the name of the product.

(h) The product is displayed on the cardboard such that the predominant color of the product (black) is displayed upon the plurality of the cardboard itself.

(i) The product is folded in such a manner and attached to the cardboard in such a manner that the bottom of the product appears to come to a point (as it might appear covering a chin in profile).

## SEIRUS CLAIMS FOR RELIEF

### I. FIRST CLAIM FOR RELIEF

(PATENT INFRINGEMENT - U.S. PATENT NO. 5,214,804)

14. The allegations of paragraphs 1 through 13 are incorporated by this reference as if each were fully set forth in this claim.

15. As alleged herein, CABELA'S is infringing the claim of the '804 PATENT literally and/or under the doctrine of equivalents.

16. As a direct and proximate result of CABELA'S infringement of the '804 PATENT, SEIRUS has been damaged in an amount to be proved at trial, but in an amount not less than a reasonable royalty, and includes lost sales, and/or lost profits.

17. Based upon its prior knowledge of SEIRUS' patent rights, its former and current relationship as a purchaser of SEIRUS goods, including that which practice the '804 PATENT, and other facts to be proved at trial, CABELA'S knows and has known of its infringement of the '804 PATENT. Despite numerous demands that it cease its infringing activity, CABELA'S has refused and has continued to actively infringe the '804 PATENT. Based on these facts and those to

**COMPLAINT**

be proved at trial, CABELA'S infringement is willful and done with intentional disregard of SEIRUS' rights in the '804 patent, so as to render this case exceptional within the purview of 35 U.S.C. §§ 284, and 285, such that SEIRUS is entitled to enhanced damages, costs, and an award of attorneys' fees.

18. SEIRUS has been and continues to be damaged by the unlawful infringing activities of CABELA'S and will be irreparably harmed unless the unlawful infringing activities are preliminarily and permanently enjoined by this Court as provided by 35 U.S.C. § 283.

## II. SECOND CLAIM FOR RELIEF

(PATENT INFRINGEMENT U.S. PATENT NO. 6,672,690)

19. The allegations of paragraphs 1 through 18 are incorporated by this reference as if each were fully set forth in this claim.

20. As alleged herein, CABELA'S is infringing the claim of the '690 PATENT literally and/or under the doctrine of equivalents.

21. As a direct and proximate result of CABELA'S infringement of the '690 PATENT, SEIRUS has been damaged in an amount to be proved at trial, but in an amount not less than a reasonable royalty, and includes lost sales, and/or lost profits.

22. Based upon its prior knowledge of SEIRUS' patent rights, its former and current relationship as a purchaser of SEIRUS goods, including that which practice the '690 PATENT, and other facts to be proved at trial, CABELA'S knows and has known of its infringement of the '690 PATENT. Despite numerous demands that it cease its infringing activity, CABELA'S has refused and has continued to actively infringe the '690 PATENT. Based on these facts and those to be proved at trial, CABELA'S infringement is willful and done with intentional disregard of SEIRUS' rights in the '690 patent, so as to render this case exceptional within the purview of 35 U.S.C. §§ 284, and 285, such that SEIRUS is entitled to enhanced damages, costs, and an award of attorneys' fees.

23. SEIRUS has been and continues to be damaged by the unlawful infringing activities of CABELA'S and will be irreparably harmed unless the unlawful infringing activities are preliminarily and permanently enjoined by this Court as provided by 35 U.S.C. § 283.

### III. THIRD CLAIM FOR RELIEF

(PATENT INFRINGEMENT U.S. PATENT NO. D510,652)

24. The allegations of paragraphs 1 through 23 are incorporated by this reference as if each were fully set forth in this claim.

25. As alleged herein, CABELA'S is infringing the claim of the '652 PATENT literally and/or under the doctrine of equivalents.

26. As a direct and proximate result of CABELA'S infringement of the '652 PATENT, SEIRUS has been damaged in an amount to be proved at trial, but in an amount not less than a reasonable royalty, and includes lost sales, and/or lost profits.

27. Based upon its prior knowledge of SEIRUS' patent rights, its former and current relationship as a purchaser of SEIRUS goods, including that which practice the '652 PATENT, and other facts to be proved at trial, CABELA'S knows and has known of its infringement of the '652 PATENT. Despite numerous demands that it cease its infringing activity, CABELA'S has refused and has continued to actively infringe the '652 PATENT. Based on these facts and those to be proved at trial, CABELA'S infringement is willful and done with intentional disregard of SEIRUS' rights in the '652 patent, so as to render this case exceptional within the purview of 35 U.S.C. §§ 284, and 285, such that SEIRUS is entitled to enhanced damages, costs, and an award of attorneys' fees.

28. SEIRUS has been and continues to be damaged by the unlawful infringing activities of CABELA'S and will be irreparably harmed unless the unlawful infringing activities are preliminarily and permanently enjoined by this Court as provided by 35 U.S.C. § 283.

**COMPLAINT**

## IV. **FOURTH CLAIM FOR RELIEF**

(UNFAIR COMPETITION)

29. The allegations of paragraphs 1 through 28 are incorporated by this reference the same as if each were fully set forth in this claim.

30. SEIRUS manufactures and sells, *inter alia,* the SEIRUS PROTECTOR LINE and by virtue of the extensive, use, sale and advertising by SEIRUS, the associated SEIRUS PRODUCT TRADE DRESS and SEIRUS PACKAGING TRADE DRESS have become inherently distinctive and have acquired distinctiveness, secondary meaning, and sufficient fame to signify SEIRUS as the manufacturer and source.

31. Upon information and belief, CABELA'S has unlawfully and without license or right, copied, imitated, and otherwise created a collection of ACCUSED TRADE DRESS PRODUCTS. CABELA'S has also packaged some or all of the ACCUSED TRADE DRESS PRODUCTS, all of which emulate, imitate, palm off as, pass off as and copy the SEIRUS PRODUCT TRADE DRESS of the SEIRUS PROTECTOR LINE and SEIRUS PACKAGING TRADE DRESS of the *MASQUE*™ line to thereby emulate, imitate, palm off as, and pass off its products as members of the family of products that are the SEIRUS FACE PROTECTOR LINE and the SEIRUS *MASQUE*™ line. Such products of CABELA'S include the CABELA'S ZIP NECK GAITER; CABELA'S SOFT SHELL TECHNICAL BALACLAVA; CABELA'S NEOPRENE FACE MASK; and CABELA'S CONVERTIBLE HAT (the "ACCUSED TRADE DRESS PRODUCTS").

32. The activities of CABELA'S in advertising, selling and offering to sell each of the ACCUSED TRADE DRESS PRODUCTS, separately and together, is likely to cause confusion, mistake, and deception as to the source and origin thereof so that purchasers thereof and others will likely be confused and believe the ACCUSED TRADE DRESS PRODUCTS are part of the SEIRUS FACE PROTECTOR LINE and SEIRUS *MASQUE*™ line. In turn, CABELA'S is

Gordon & Rees LLP
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660

unfairly competing and misrepresenting its products to be those of SEIRUS in violation of 15 U.S.C. § 1125(a).

33. The activities of CABELA'S in advertising for sale, offering for sale, and selling the ACCUSED TRADE DRESS PRODUCTS constitute unlawful and tortious unfair competition, palming off and passing off, and misrepresentation as to the source of goods in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

34. SEIRUS believes it has suffered and continues to suffer lost sales and, in turn, damages as a direct result of the unlawful and unfair competition of CABELA'S. Under 15 U.S.C. § 1117, SEIRUS is entitled to damages, including lost profits and the costs of this action, to be shown at trial or upon an accounting.

35. On information and belief, CABELA'S's unfair competition in violation of 15 U.S.C. § 1125(a)(1) is willful and done with an intent to harm SEIRUS or in reckless disregard for the rights of SEIRUS such that SEIRUS is entitled to triple damages under 15 U.S.C. § 1117(b).

36. Under 15 U.S.C. § 1117(b), this is an exceptional case and SEIRUS is entitled to recover its attorneys' fees.

37. SEIRUS has been and continues to be damaged by the unlawful unfair competition of CABELA'S and will be irreparably harmed unless the unlawful infringing activities are permanently enjoined by this Court under the provisions of 15 U.S.C. § 1116. SEIRUS is entitled to an injunction enjoining and restraining CABELA'S from further acts of unfair competition.

## JURY DEMAND

38. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, SEIRUS requests a jury trial of all issues that may be tried to a jury in this action.

///
///
///

**COMPLAINT**

WHEREFORE, SEIRUS prays for relief against CABELA'S as follows:

**A.     On The First Claim For Relief:**

1. For judgment that CABELA'S has infringed, contributorily infringed and/or induced the infringement of, at least one claim of the '804 PATENT.

2. That SEIRUS recover damages against CABELA'S under 35 U.S.C. § 284 in an amount to be determined at trial or by accounting for the lost profits, but no less than a reasonable royalty, on all sales of each of the infringing products alleged above and any others that are subsequently discovered in the course of this proceeding, plus pre-judgment and post-judgment interest.

3. That the damages awarded pursuant to the preceding paragraph 2 be increased to three times the amount awarded because this is an exceptional case under 35 U.S.C. § 284.

4. That the Court declare this is an exceptional case and SEIRUS be awarded all of its attorneys' fees in connection with this matter under 35 U.S.C. § 285.

5. That the Court preliminarily and/or permanently enjoin and restrain CABELA'S, its officers, agents, servants, employees and those persons in active concert or participation with it, from further acts of infringement for the remaining life of the '804 PATENT under 35 U.S.C. § 283.

**B.     On The Second Claim For Relief:**

1. For Judgment that CABELA'S has infringed, contributorily infringed and/or induced the infringement, the claim of the '690 PATENT.

2. That SEIRUS recover damages from CABELA'S under 35 U.S.C. § 284 in an amount to be determined at trial or by accounting for the lost profits, but no less than a reasonable royalty, on all sales of each of the infringing products alleged above and any others that are subsequently discovered in the course of this proceeding, plus pre-judgment and post-judgment interest.

///

**COMPLAINT**

Gordon & Rees LLP
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660

3. That the damages awarded pursuant to the preceding paragraph 2 be increased to three times the amount awarded because this is an exceptional case under 35 U.S.C. § 284.

4. That the Court declare this is an exceptional case and SEIRUS be awarded all of its attorneys' fees in connection with this matter under 35 U.S.C. § 285.

5. That the Court preliminarily and/or permanently enjoin and restrain CABELA'S, its officers, agents, servants, employees and those persons in active concert or participation with it, from further acts of infringement for the remaining life of the '690 PATENT under 35 U.S.C. § 283.

**C.    On The Third Claim For Relief:**

1. For Judgment that CABELA'S, has infringed, contributorily infringed and/or induced the infringement, of the claim of the '652 PATENT.

2. That SEIRUS recover damages from CABELA'S under 35 U.S.C. § 284 in an amount to be determined at trial or by accounting for the lost profits, but no less than a reasonable royalty, on all sales of each of the infringing products alleged above and any others that are subsequently discovered in the course of this proceeding, plus pre-judgment and post-judgment interest.

3. That the damages awarded pursuant to the preceding paragraph 2 be increased to three times the amount awarded because this is an exceptional case under 35 U.S.C. § 284.

4. That the Court declare this is an exceptional case and SEIRUS be awarded all of its the attorneys' fees in connection with this matter under 35 U.S.C. § 285.

5. That the Court preliminarily and/or permanently enjoin and restrain CABELA'S, its officers, agents, servants, employees and those persons in active concert or participation with it, from further acts of infringement for the remaining life of the '652 PATENT under 35 U.S.C. § 283.

**COMPLAINT**

**D.     On The Fourth Claim For Relief:**

1. For judgment that SEIRUS be awarded damages under U.S.C. § 1117 for all of its lost profits, the profits of CABELA'S, and the costs of this action.

2. That the damages awarded under the preceding paragraph 1 are to be increased to three times the amount awarded under 15 U.S.C. § 1117(b).

3. That the Court declare this case exceptional and, under 15 U.S.C. § 1117(b), award SEIRUS its attorneys' fees.

4. That CABELA'S, its officers, agents, servants, employees and those persons in active concert of participation with any of them, be permanently enjoined from further acts of unfair competition in violation of 15 U.S.C. § 1125(a)(1).

**E.     On All Claims For Relief:**

1. For an award of all costs of this action.

2. For such other and further relief as this court may deem just and proper.

Dated: January 20, 2009          **GORDON & REES LLP**

_Lindsay J Hulley_
Matthew D. Murphey
Lindsay J. Hulley
Kimberly D. Howatt
Attorneys for Plaintiff
SEIRUS INNOVATIVE ACCESSORIES, INC.

SRUS/1054951/6177187v.1

- 12 -
**COMPLAINT**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SEIRUS INNOVATIVE ACCESSORIES, INC., a Utah corporation

## DEFENDANTS
CABELA'S, Inc., a Delaware corporation

FILED
2009 JAN 20 PM 1:54

(b) County of Residence of First Listed Plaintiff **Orange**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Cheyanne County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Matthew D. Murphey, SBN: 194111
Gordon & Rees LLP
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660
(949) 255-6050

Attorneys (If Known)

BY _____ VNH _____ DEPUTY

'09 CV 0102 JLS WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. § 271 et. seq., and 15 U.S.C. § 1125 (a)

Brief description of cause:
Complaint for Patent Infringement and Unfair Competition

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE
January 20, 2009

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 159126   AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE

American LegalNet, Inc.
www.FormsWorkflow.com

```
UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
     SAN DIEGO DIVISION

  # 159126    -  TC

   January 20, 2009
       13:54:02


    Civ Fil Non-Pris
USAO #.: 09CV0102
Judge..: JANIS L. SAMMARTINO
Amount.:              $350.00 CK
Check#.: 75311



   Total-> $350.00



FROM: SEIRUS VS CABELA'S
```