MATTHEW D. MURPHEY (SBN: 194111)
LINDSAY J. HULLEY (SBN: 184924)
GORDON & REES LLP
2211 Michelson Drive, Suite 400
Irvine, California 92612
Telephone: (949) 255-6950
Facsimile: (949) 474-2060
E-mail: mmurphey@gordonrees.com
lhulley@gordonrees.com

KIMBERLY D. HOWATT (SBN: 196921)
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124
E-mail: khowatt@gordonrees.com

Attorneys For Plaintiff,
SEIRUS INNOVATIVE ACCESSORIES, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEIRUS INNOVATIVE ACCESSORIES, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>CABELA'S, Inc., a Delaware corporation and ROSS GLOVE COMPANY, a Wisconsin corporation,<br><br>Defendants. | Case No. 09-CV-0102 H (WMcC)<br><br>**PLAINTIFF'S ANSWER TO DEFENDANT CABELA'S, INC.'S COUNTERCLAIM**<br><br>**JURY TRIAL DEMANDED** |

For its answer to Defendant Cabela's, Inc.'s ("Cabela's") counterclaim, Plaintiff Seirus Innovative Accessories, Inc. ("Seirus") states as follows:

///

- 1 -

**PLAINTIFF'S ANSWER TO DEFENDANT CABELA'S, INC.'S COUNTERCLAIM**

## NATURE OF COUNTERCLAIM

1. Seirus admits that Cabela's asserts a false marking counterclaim, but denies that it has falsely marked any product. Other than as specifically admitted, Seirus denies the allegations in Paragraph 1 of Cabela's counterclaim.

## PARTIES

### *Cabela's, Inc.*

2. Seirus admits the allegations of paragraph 2 on information and belief.

3. Seirus admits the allegations of paragraph 3 on information and belief.

### *Seirus Innovative Accessories, Inc.*

4. Seirus admits the allegations of paragraph 4.

5. Seirus admits that it offers a variety of items, including some or all of the items referenced in paragraph 5. Except as admitted, Seirus denies the allegations in paragraph 5.

6. Seirus admits that it marks some of its products with relevant and appropriate U.S. Patent Numbers. Except as admitted, Seirus denies the allegations in paragraph 6 of Cabela's counterclaim.

## JURISDICTION AND VENUE

7. Seirus admits paragraph 7 of Cabela's counterclaim.

8. Seirus admits Cabela's asserts a false marking claim, but denies that it has falsely marked any products. Except as admitted, Seirus denies the allegations in paragraph 8.

9. Seirus admits the allegations in paragraph 9 of the counterclaim.

## STATEMENT OF FACTS

10. Seirus denies the allegations in paragraph 10 of the counterclaim.

### Seirus' Continuous False Marking

11. Seirus denies the allegations in paragraph 11 of the counterclaim.

12. Seirus denies the allegations in paragraph 12 of the counterclaim.

13. Seirus denies the allegations in paragraph 13 of the counterclaim.

14. Seirus admits that it marks some of its products with U.S. Patent Numbers, but denies it has falsely marked any such products. Except as specifically admitted, Seirus denies

the allegations in paragraph 14 of the counterclaim.

  15. Seirus denies the allegations in paragraph 15 of the counterclaim.

  16. Seirus denies the allegations in paragraph 16 of the counterclaim.

*Seirus's Prosecution Histories for the '804 and '690 Patents*

  17. Seirus denies the allegations in paragraph 17 of the counterclaim.

**United States Patent No. 5,214,804**

  18. Seirus admits paragraph 18 to the extent it accurately recites the '804 patent, which speaks for itself.  Otherwise, Seirus denies the allegations of paragraph 18 of the counterclaim.  Paragraph 18 further contains legal conclusions that do not require comment.

  19. Seirus denies paragraph 19 of the counterclaim to the extent it is inconsistent with the '804 patent.  Seirus otherwise denies the allegations of paragraph 19.  Paragraph 19 further contains legal conclusions that do not require comment.

  20. Seirus denies paragraph 20 of the counterclaim to the extent it is inconsistent with the '804 patent.  Seirus otherwise denies the allegations of paragraph 20.  Paragraph 20 further contains legal conclusions that do not require comment.

  21. Seirus denies the allegations of paragraph 21 of the counterclaim.

  22. Seirus denies the allegations of paragraph 22 of the counterclaim.

  23. Seirus denies the allegations of paragraph 23 of the counterclaim.

  24. Seirus denies the allegations of paragraph 24 of the counterclaim.

**United States Patent No. 6,272,690**

  25. Seirus admits paragraph 25 to the extent it accurately recites the '690 patent, which speaks for itself.  Otherwise, Seirus denies the allegations of paragraph 25 of the counterclaim.  Paragraph 25 further contains legal conclusions that do not require comment.

  26. Seirus admits it prosecuted the '690 patent over a period of time.  Seirus admits the allegations of paragraph 26 of the counterclaim to the extent they are consistent with the facts and prosecution history.  Except as admitted, Seirus denies paragraph 26 of the counterclaim.

  27. Seirus admits the allegations of paragraph 27 of the counterclaim to the extent they are consistent with the facts and prosecution history.  Except as admitted, Seirus denies

**PLAINTIFF'S ANSWER TO DEFENDANT CABELA'S, INC.'S COUNTERCLAIM**

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

1 paragraph 27 of the counterclaim.

2     28. Seirus admits the allegations of paragraph 28 of the counterclaim to the extent
3 they are consistent with the facts and prosecution history. Except as admitted, Seirus denies
4 paragraph 28 of the counterclaim.

5     29. Seirus admits the allegations of paragraph 29 of the counterclaim to the extent
6 they are consistent with the facts and prosecution history. Except as admitted, Seirus denies
7 paragraph 29 of the counterclaim.

8     30. Seirus admits the allegations of paragraph 30 of the counterclaim to the extent
9 they are consistent with the facts and prosecution history. Except as admitted, Seirus denies
10 paragraph 30 of the counterclaim.

11     31. Seirus admits the allegations of paragraph 31 of the counterclaim to the extent
12 they are consistent with the facts and prosecution history. Except as admitted, Seirus denies
13 paragraph 31 of the counterclaim.

14     32. Seirus admits the allegations of paragraph 32 of the counterclaim to the extent
15 they are consistent with the facts and prosecution history. Except as admitted, Seirus denies
16 paragraph 32 of the counterclaim.

17     33. Seirus admits the allegations of paragraph 33 of the counterclaim to the extent
18 they are consistent with the facts and prosecution history. Except as admitted, Seirus denies
19 paragraph 33 of the counterclaim.

20     34. Seirus admits the allegations of paragraph 34 of the counterclaim to the extent
21 they are consistent with the facts and prosecution history. Except as admitted, Seirus denies
22 paragraph 34 of the counterclaim.

23     35. Seirus admits the allegations of paragraph 35 of the counterclaim to the extent
24 they are consistent with the facts and prosecution history. Except as admitted, Seirus denies
25 paragraph 35 of the counterclaim.

26     36. Seirus admits the allegations of paragraph 36 of the counterclaim.

27     37. Seirus admits the allegations of paragraph 37 of the counterclaim to the extent
28 they are consistent with the facts and prosecution history. Except as admitted, Seirus denies

**Gordon & Rees LLP**
2211 Michelson Drive
Suite 400
Irvine, CA 92612

1  paragraph 37 of the counterclaim.

2      38.    Seirus admits the allegations of paragraph 38 of the counterclaim to the extent they are consistent with the facts and prosecution history.  Except as admitted, Seirus denies paragraph 38 of the counterclaim.

5      39.    Seirus denies the allegations of paragraph 39 of the counterclaim.

6      40.    Seirus denies the allegations of paragraph 40 of the counterclaim.

7      41.    Seirus denies the allegations of paragraph 41 of the counterclaim.

***Seirus's Claim Construction Order on the '804 and '690 Patents***

9      42.    Seirus denies the allegations of paragraph 42 of the counterclaim.

10      43.    Seirus admits that a claim construction order was issued in the referenced case as alleged in paragraph 43 of the counterclaim, and further states that such order speaks for itself.  Otherwise, Seirus denies the allegations in paragraph 43.

13      44.    Seirus denies the allegations in paragraph 44 of the counterclaim to the extent they are inconsistent with the facts or the referenced claim construction order, which speaks for itself.  Seirus further denies that the referenced claim construction order is relevant to the instant action.  Except as admitted, Seirus denies paragraph 44 of the counterclaim.

17      45.    Seirus denies the allegations in paragraph 45 of the counterclaim to the extent they are inconsistent with the facts or the referenced claim construction order, which speaks for itself.  Seirus further denies that the referenced claim construction order is relevant to the instant action.  Except as admitted, Seirus denies paragraph 45 of the counterclaim.

21      46.    To the extent paragraph 46 of the counterclaim is intelligible and contains an allegation, Seirus denies the allegation(s) in paragraph 46 of the counterclaim.

23      47.    Seirus denies the allegations of paragraph 47 to the extent they are inconsistent with the facts or the referenced documents from the Utah action, and further denies that it has falsely marked any products.  Except as admitted, Seirus denies the allegations of paragraph 47.

26      48.    Seirus denies the allegations of paragraph 48 of the counterclaim.

27      49.    Seirus denies the allegations of paragraph 49 of the counterclaim.

28      50.    Seirus denies the allegations of paragraph 50 of the counterclaim.

**PLAINTIFF'S ANSWER TO DEFENDANT CABELA'S, INC.'S COUNTERCLAIM**

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

1. 51. Seirus denies the allegations of paragraph 51 of the counterclaim.

## *Seirus's False Marking and Patent Misuse*

2. 52. Seirus admits that it has previously applied for, obtained and conducted litigation over patents. Otherwise, Seirus denies the allegations of paragraph 52 of the counterclaim.

3. 53. Seirus admits the allegations of paragraph 53 of the counterclaim.

4. 54. To the extent paragraph 54 contains an intelligible allegation, Seirus admits it is aware of the requirements of the referenced statute. Otherwise, Seirus denies the allegation(s) of paragraph 54 of the counterclaim.

5. 55. Seirus denies the allegations of paragraph 55 of the counterclaim.

6. 56. Seirus denies the allegations of paragraph 56 of the counterclaim.

7. 57. Seirus denies the allegations of paragraph 57 of the counterclaim.

8. 58. Seirus admits that it has previously conducted litigation asserting infringement of the '804 and '690 patents. Otherwise, Seirus denies the allegations of paragraph 58 of the counterclaim.

9. 59. Seirus admits that it has filed the lawsuits referenced in paragraph 59 of the counterclaims. Otherwise, Seirus denies the allegations of paragraph 59 of the counterclaim.

10. 60. Seirus admits that it has filed the lawsuits referenced in paragraph 60 of the counterclaims. Otherwise, Seirus denies the allegations of paragraph 60 of the counterclaim.

11. 61. Seirus admits that it has filed the lawsuits referenced in paragraph 61 of the counterclaims, the pleadings of which speak for themselves. Otherwise, Seirus denies the allegations of paragraph 61 of the counterclaim.

12. 62. Seirus denies the allegations in paragraph 62 of the counterclaim.

13. 63. Seirus admits that its President, Joseph Edwards, sent a letter to Cabela's on or about the referenced date and further states that such letter speaks for itself. Except as admitted, Seirus denies the allegations of paragraph 63 of the counterclaim.

14. 64. Seirus does not have sufficient information to admit or deny the allegations in paragraph 64 of the counterclaim, and therefore denies same.

///

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

65. Seirus admits that Mr. Edwards sent a letter to Cabela's on or about the referenced date and further states that such letter speaks for itself. Except as admitted, Seirus denies the allegations of paragraph 65 of the counterclaim.

66. Seirus admits that Mr. Edwards sent a letter to Cabela's on or about the referenced date and further states that such letter speaks for itself. Except as admitted, Seirus denies the allegations of paragraph 66 of the counterclaim.

67. Seirus admits that Mr. Edwards sent a letter to Cabela's on or about the referenced date and further states that such letter speaks for itself. Except as admitted, Seirus denies the allegations of paragraph 67 of the counterclaim.

68. Seirus does not have sufficient information to admit or deny the allegations in paragraph 68 of the counterclaim, and therefore denies same. Seirus further denies that its claims are meritless.

69. Seirus denies the allegations in paragraph 69 of the counterclaim.

### *Seirus Knows its Asserted Trade Dress is Functional*

70. Seirus denies the allegations in paragraph 70 of the counterclaim.

71. Seirus admits that Edwards Ski Products, Inc. applied for trade dress protection for certain of its products. Except as admitted, Seirus denies the allegations in paragraph 71 of the counterclaim.

72. Seirus admits the allegations of paragraph 72 of the counterclaim to the extent they are consistent with the facts and relevant USPTO/TTAB documents. Seirus denies that its trade dress is not deserving of trade dress protection. Except as admitted, Seirus denies the allegations of paragraph 72 of the counterclaim.

73. Seirus admits the allegations of paragraph 73 of the counterclaim to the extent they are consistent with the facts and relevant USPTO/TTAB documents. Seirus denies that its trade dress is not deserving of trade dress protection. Except as admitted, Seirus denies the allegations of paragraph 73 of the counterclaim.

74. Seirus denies the allegations in paragraph 74 of the counterclaim to the extent they are inconsistent with the facts or the referenced USPTO/TTAB document. Seirus further

**PLAINTIFF'S ANSWER TO DEFENDANT CABELA'S, INC.'S COUNTERCLAIM**

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

denies that its trade dress is not deserving of trade dress protection. Except as admitted, Seirus denies the allegations of paragraph 74 of the counterclaim.

75. Seirus denies the allegations in paragraph 75 of the counterclaim to the extent they are inconsistent with the facts or the referenced USPTO/TTAB document. Seirus further denies that its trade dress is not deserving of trade dress protection. Except as admitted, Seirus denies the allegations of paragraph 75 of the counterclaim.

76. Seirus denies the allegations in paragraph 76 of the counterclaim to the extent they are inconsistent with the facts or the referenced USPTO/TTAB document. Seirus further denies that its trade dress is not deserving of trade dress protection.

77. Seirus denies the allegations in paragraph 77 of the counterclaim.

## FIRST COUNTERCLAIM

(False Marking Pursuant to 35 U.S.C. § 292)

78. No admission or denial is required for paragraph 78 of the counterclaim; however, to the extent any response is necessary, Seirus denies same.

79. Seirus denies the allegations in paragraph 79 of the counterclaim.

80. Seirus denies the allegations in paragraph 80 of the counterclaim.

81. Seirus denies the allegations in paragraph 81 of the counterclaim.

82. Seirus denies the allegations in paragraph 82 of the counterclaim.

83. Seirus denies the allegations in paragraph 83 of the counterclaim.

84. Seirus denies the allegations in paragraph 84 of the counterclaim.

85. Seirus denies the allegations in paragraph 85 of the counterclaim.

86. Seirus denies the allegations in paragraph 86 of the counterclaim.

## RELIEF REQUESTED

Seirus admits Cabela's seeks the relief requested, but denies that it is entitled to any such relief. Cabela's prayer should be denied in its entirety with prejudice, and it should take nothing by way of its claims.

Any allegations of Cabela's counterclaim that are not expressly admitted in this pleading are denied.

**PLAINTIFF'S ANSWER TO DEFENDANT CABELA'S, INC.'S COUNTERCLAIM**

## AFFIRMATIVE DEFENSES

### First Defense

Cabela's fails to state a claim against Seirus upon which relief may be granted.

### Second Defense

Seirus has not and does not falsely mark any of its products.

### Third Defense

Cabela's counterclaim is barred by the doctrines of estoppel, laches, waiver, acquiescence and other equitable defenses.

**WHEREFORE**, in addition to the relief requested in its Complaint, Seirus requests that the Court enter a judgment in its favor and against Cabela's providing the following relief:

A.   A judgment against Cabela's on its counterclaim for false marking, that Cabela's take nothing by way of its counterclaim, and that its counterclaim be dismissed with prejudice;

B.   That the Court find this case to be exceptional, and that Seirus be awarded its attorneys' fees, costs and expenses incurred in responding to the counterclaim in accordance with 35 U.S.C. § 285;  and

C.   For such other and further relief in law or in equity as the Court may deem just and proper.

Dated: June 28, 2010.          **GORDON & REES LLP**


                               /s/ Matthew D. Murphey
                               Matthew D. Murphey
                               Kimberly D. Howatt
                               Lindsay J. Hulley
                               Attorneys for Plaintiff
                               SEIRUS INNOVATIVE ACCESSORIES, INC.

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

SRUS/1054951/8108282v.1