UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEIRUS INNOVATIVE ACCESSORIES, INC., a Utah corporation,<br><br>                              Plaintiff,<br><br>  vs.<br><br>CABELA'S INC., a Delaware corporation, and ROSS GLOVE COMPANY, a Wisconsin corporation,<br><br>                              Defendants. | CASE NO. 09-CV-102-H (WMC)<br><br>**ORDER DENYING MOTION TO STAY** |

On June 29, 2011, Defendant Cabela's Inc. ("Cabela's") filed an ex parte motion to stay Plaintiff Seirus Innovative Accessories, Inc.'s ("Seirus") motion for summary judgment on Cabela's counterclaim on the constitutionality of 35 U.S.C. § 292, pending the Federal Circuit's ruling in the case <u>FLFMC, LLC v. Wham-O, Inc.</u>, Case No. 2011-1067 (Fed. Cir. 2011). (Doc. No. 200.) On June 30, 2011, the Court declined to rule on the motion to stay ex parte and ordered the parties to fully brief the issue. (Doc. No. 201.) On July 11, 2011, Plaintiff Seirus filed an opposition to the motion to stay. (Doc. No. 203.) On July 18, 2011, Defendant Cabela's filed a reply. (Doc. No. 205.) After due consideration, the Court DENIES the motion to stay.

**BACKGROUND**

On October 4, 2010, Defendant Cabela's filed its third amended answer and

counterclaims. (Doc. No. 108.) Cabela's first counterclaim against Plaintiff Seirus is for false marking pursuant to 35 U.S.C. § 292. (Id. ¶¶ 79-87.) On June 24, 2011, Plaintiff Seirus filed a motion for summary judgment on Cabela's false marking counterclaim. (Doc. No. 196.) Plaintiff argues that the false marking statute, 35 U.S.C. § 292, is unconstitutional because it violates the "Take Care" clause of Article II, § 3 of the United States Constitution. (Id. at 1.)

Defendant now moves to stay this motion for summary judgment pending the Federal Circuit's opinion in FLFMC, LLC v. Wham-O, Inc., Case No. 2011-1067 (Fed. Cir. 2011). The Wham-O case presents the following issues on appeal: (1) whether the litigant has standing to bring a claim under 35 U.S.C. § 292, (2) whether 35 U.S.C. § 292 violates the "Take Care" clause of the United States Constitution, Article II, section 3, (3) whether 35 U.S.C. § 292 violates the Appointments Clause of the United States Constitution, Article II, section 2, and (5) whether a false marking relator's allegations must satisfy the heightened pleading requirements under Federal Rule of Civil Procedure 9. (Doc. No. 200 Ex. A, FLFMC, LLC v. Wham-O, Inc., Case No. 2011-1067 (Fed. Cir. 2011), Brief of Defendant-Appellee Wham-O, Inc., at 1.)

## DISCUSSION

A district court is vested with the discretion to stay an action based on its inherent power to control its own docket. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983). In considering a stay request, the Court generally considers the following:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Keating v. Office of Thrift Supervision, 45 F.3d 322, 324-25 (9th Cir. 1995).

Defendant Cabela's argues that the issue raised by Plaintiff Seirus's motion for summary judgment—whether the false marking statute, 35 U.S.C. § 292, is unconstitutional because it violates the "Take Care" clause of Article II, § 3 of the United States Constitution—is currently pending in front of the Federal Circuit in FLFMC, LLC v. Wham-O, Inc., Case No. 2011-1067 (Fed. Cir. 2011). (Doc. No. 200 at 2.) The Federal Circuit recently heard oral argument on the Wham-O case on July 7, 2011.

Plaintiff Seirus opposes the stay for several reasons. Seirus argues that the question it presents on summary judgment is only one of the four issues that has been presented to the Federal Circuit. (Doc. No. 203 at 3-4.) Thus, there is no guarantee that the precise issue will be addressed and decided by the Federal Circuit. (Id.) Even if the decision addressed constitutionality under the Take Care clause, Seirus additionally argues that it is likely that the issue may be pursued up to the Supreme Court—a process that may take years. (Id. at 3.) Second, Seirus contends that a stay is inappropriate in this case in light of the fact that trial is set to start on November 15, 2011. (Id., see Doc. No. 103.) Finally, Seirus argues that there is no authority cited that states that a dispositive motion in one case must be stayed because the issue may be decided in an appeal in another case. (Doc. No. 203 at 1.)

After considering the parties' arguments, the Court declines to stay the motion for summary judgment. The outcome of the Federal Circuit review in Wham-O and its applicability to this case is still unpredictable at this time, given the other issues presented in Wham-O. Furthermore, a stay on this dispositive motion is not warranted in this case as the trial is set for less than four months away while there is no indication of when a Federal Circuit opinion may issue in Wham-O. After considering the applicable standards for a stay of litigation and the parties' arguments, the Court DENIES Cabela's motion for a stay.

///
///
///

**CONCLUSION**

Exercising its discretion and considering the competing interests, the Court DENIES the motion to stay.

**IT IS SO ORDERED.**

DATED: July 29, 2011

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT