# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEIRUS INNOVATIVE ACCESSORIES, INC., a Utah corporation,<br><br>Plaintiff / Counterclaim-Defendant,<br><br>vs.<br><br>CABELA'S INC., a Delaware corporation, and ROSS GLOVE COMPANY, a Wisconsin corporation,<br><br>Defendant / Counterclaim-Plaintiff. | CASE NO. 09-CV-102 H (WMC)<br><br>**ORDER**<br><br>**(1) DENYING DEFENDANT ROSS GLOVE'S MOTION FOR PARTIAL SUMMARY ADJUDICATION ON SEIRUS' PRAYER FOR COMPENSATORY DAMAGES;**<br><br>**(2) DENYING WITHOUT PREJUDICE DEFENDANT ROSS GLOVE'S MOTION FOR PARTIAL SUMMARY ADJUDICATION ON SEIRUS' PRAYER FOR ATTORNEYS' FEES FOR PATENT INFRINGEMENT; AND**<br><br>**(3) GRANTING DEFENDANT ROSS GLOVE'S MOTION FOR PARTIAL SUMMARY ADJUDICATION ON SEIRUS' TRADE DRESS, UNFAIR COMPETITION, PUNITIVE, AND ENHANCED DAMAGES** |

On August 5, 2011, Defendant Ross Glove Company ("Ross") filed a motion for partial summary judgment on Plaintiff Seirus Innovative Accessories, Inc. ("Seirus")' claims for compensatory damages, enhanced damages, attorneys' fees for patent infringement, damages

and attorneys' fees for its trade dress claims, and punitive damages. (Doc. No. 221.) On September 20, 2011, Seirus filed its response in opposition to Ross' motion for partial summary judgment on Seirus' claim for damages. (Doc. No. 307.) On September 26, 2011, Ross filed its reply to Seirus' response in opposition. (Doc. No. 324.)

The Court held a hearing on these matters on October 3, 2011. Matthew Murphey and Paul McGowan appeared for Plaintiff Seirus. Callie Bjurstrom and Nicole Murray appeared for Defendant Cabela's, and Cynthia Iliff and Duane Horning appeared for Defendant Ross.

**Background**

On January 20, 2009, Seirus commenced this action by filing a complaint alleging that Defendants' accused products infringe the following patents: U.S. Patent Nos. 6,272,690 (the '690 patent); 5,214,804 (the '804 patent); and D510,652 (the '652 patent). (Doc. No. 8 at 4-6.) In response, Cabela's filed its answer and asserted counterclaims for false marking under 35 U.S.C. § 292 and unfair competition under Cal. Bus. & Prof. Code § 17200. (Doc. No. 108 at 12-13.) Cabela's also asserted a number of affirmative defenses including patent invalidity under 35 U.S.C. §§ 101, 102, 103, and 112, along with laches, estoppel, waiver, unclean hands, patent misuse, and collateral estoppel. (Id. at 11-12.)

The '690 patent was filed on March 18, 1996, and issued on August 14, 2001. ('690 patent.) It contains a single claim directed to a "combination of a sport goggle and an article of protective clothing." (Id.) The article of clothing includes a mask member for placement about a user's mouth and nose, a head member connected to the mask member for placement about a user's head, and a scarf portion for placement about the user's neck. (Id.)

The '804 patent was filed on January 27, 1992, and issued on June 1, 1993. ('804 patent.) The patent's two independent claims are directed to an article of clothing that includes a mask portion to be worn about a user's mouth and nose, and a scarf portion to be worn about a user's neck. A "securing means" secures the article of clothing about a user's head. (Id.)

The '652 patent was filed on October 31, 2003, and issued on October 18, 2005. ('652 patent.) The design patent includes a series of eight drawings and is directed to the ornamental design of a neck protector. (Id.)

## I. Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir.1997). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. Celotex, 477 U.S. at 322. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." Anderson, 477 U.S. at 256.

When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The Court does not make credibility determinations with respect to evidence offered. See T.W. Elec., 809 F.2d at 630-31 (citing Matsushita, 475 U.S. at 587). Summary judgment is therefore not appropriate "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts." Hollingsworth Solderless Terminal Co. v. Turley, 622 F.2d 1324, 1335 (9th Cir. 1980).

**A. Compensatory Damages**

Ross moves for partial summary judgment that Seirus is not entitled to compensatory damages from Ross on its patent infringement claims because Seirus failed to provide actual or constructive notice of the patent. (Doc. No. 221-1.)

In order to recover damages, the patentee must prove it provided the accused infringer with actual or constructive notice of the patent. Sentry Prot. Prods. v. Eagle Mft. Co., 400 F.3d 910, 918 (Fed. Cir. 2005). The burden of pleading and providing notice lies with the patentee or owner of the patent. Maxwell v. J. Baker, Inc., 86 F.3d 1098, 111-12 (Fed. Cir. 1996). Ross argues that it did not have actual notice of Seirus' patent until it received Seirus' Amended Complaint in May 2009. (Doc. No. 221-1 at 6.) Ross' argument is contradicted, however, by evidence that after Cabela's received a letter from Seirus on November 14, 2008 and January 20, 2009 informing Cabela's that its products infringed Seirus' patents, Ross admits that it then destroyed the accused products. (Doc. No. 307.) Therefore, the Court concludes there is a genuine issue of material fact as to whether Ross had actual notice of Seirus' patent prior to receiving Seirus' Amended Complaint.

Further, Ross argues that it did not have constructive notice of Seirus' patent. (Doc. No. 221-1 at 7.) Ross argues that constructive notice requires that the word patent and the patent number be "fix[ed]" on the patented article, as required by 35 U.S.C. § 287(a). Specifically, Ross argues that Seirus marked none of its products and cites evidence that Seirus' Co-President, Joseph Edwards, was asked, "[h]as Seirus ever marked any of [the Patents in Suit] on any of its products as distinguished from packaging?" and Edwards responded, "I don't think so." (Doc. No. 221-1, Ex. I at 50:21-24.) Further, Ross cites evidence that in interrogatory responses, Seirus admits that it only marked the "package; literature; advertising." (Id., Ex. K, Response to Interrogatory No. 1 at 4-5.) Therefore, Ross argues that it did not have constructive notice because Seirus could have marked its products with the patent numbers as required by § 287(a) but failed to do so. Seirus argues that it marked its products' packaging, which gave Ross constructive notice, and in the alternative, that Ross received actual notice from Seirus' November 14, 2008 and January 20, 2009 letters. (Doc.

No. 307 at 8.) The Court concludes there is a genuine issue of material fact as to whether Ross had actual or constructive notice of Seirus' patent. Accordingly, the Court DENIES Ross' motion for summary adjudication of Seirus' prayer for compensatory damages.

### B. Enhanced (Up to Treble) Damages

Ross moves for partial summary judgment that Seirus is not entitled to enhanced damages for Ross' alleged patent infringement because Seirus cannot prove there was any "willful" infringement by Ross. (Doc. No. 221-1 at 1.)

"It is well-settled that enhancement of damages must be premised on willful infringement or bad faith." Beatrice Foods Co. v. New England Printing & Lithographing Co., 923 F. 2d 1576, 1578 (Fed. Cir. 1991) (internal citations omitted); In re Seagate Technology, LLC, 497 F.3d 1360, 1368 (Fed. Cir. 2007) (en banc) ("an award of enhanced damages requires a showing of willful infringement.") This well-established standard is in accordance with Supreme Court precedent. See Safeco Ins. Co. of Am. V. Burr, 551 U.S. 47, 57-58 (2007) (addressing the meaning of willfulness as a statutory condition of civil liability for punitive damages).

In 2007, the Federal Circuit Court in Seagate stated a test for willfulness under 35 U.S.C. § 284. 497 F.3d at 1371. The Federal Circuit in Seagate concluded that willfulness "requires at least a showing of objective recklessness." Id. In applying this "objective recklessness" standard, the Court set forth a two-step analysis:

> [First,] a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. . . . The state of mind of the accused infringer is not relevant to this objective inquiry. [Second,] [i]f this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

Id. Both factors must be satisfied. Id. A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed

1  fact remains.  Id., 477 U.S. at 322.

2  Ross argues that the '652 Patent does not cover the Gaiter because the '652 Patent, a
3  design patent, only claims the ornamental design of a neck gaiter with a vertical zipper and the
4  Gaiter contains a diagonal zipper.  (Doc. No. 221-1 at 15.)  Ross cites evidence that the Do-
5  Gree Court ruled that the '804 Patent excludes stitching, that this Court twice tentatively
6  agreed, and that this Court expressly stated such a construction is reasonable.  (Doc. No. 221-1
7  at 11-12); Seirus Innovative Accessories, Inc. v. Do-Gree Fashions, Ltd., 544 F. Supp 2d 1284
8  (D. Utah Feb. 26, 2008); (Feb. 3, 2011, Tr. from Court's Claims Construction Hearing at
9  189:5-12.)  Ross argues that the closeness of the issue is enough to bar Seirus from proving,
10 especially by clear and convincing evidence, that there was an objectively high likelihood that
11 the accused Balaclava infringed the '804 Patent.  The Court agrees.  Lastly, Ross argues that
12 the '690 Patent does not cover the Balaclava because the '690 Patent requires sport goggles.
13 (Doc. No. 221-1 at 14.)  Seirus' argument that Cabela's, not Ross, separately sold sport
14 goggles is not persuasive evidence of willfulness under the Seagate test.

15 Based on the foregoing, the Court concludes that Seirus has not come forward with
16 sufficient evidence to meet the clear and convincing standard under the first prong of Seagate.
17 As a result, the Court concludes that Seirus has failed to meet the two-part test for willful
18 infringement under 35 U.S.C. § 284.  Accordingly, the Court GRANTS Ross' motion for
19 partial summary adjudication concerning Seirus' prayer for enhanced damages.

20 **C.  Attorneys' Fees for Patent Infringement**

21 Ross moves for partial summary judgment that Seirus is not entitled to recover any of
22 its attorneys' fees because Ross argues this is not an "exceptional case" of patent infringement.
23 (Doc. No. 221-1 at 1.)  Seirus argues that it is entitled to attorneys' fees for Defendants'
24 alleged infringement pursuant to 35 U.S.C. § 285 (2011), which provides that only in
25 exceptional cases may the Court award reasonable attorneys' fees to the prevailing party.

26 A determination on whether to award attorneys' fees requires a two-step process.  Forest
27 Labs., Inc. v. Abbott Labs., 339 F.3d 1324,1327 (Fed. Cir. 2003).  First, "a district court must
28 determine whether the prevailing party has proved by clear and convincing evidence that the

case is 'exceptional.'" Id. "Second, if the district court finds the case to be exceptional, it must then determine whether an award of attorney fees is appropriate." Id. at 1328. The Court concludes that Ross' motion for partial summary adjudication that Seirus is not entitled to recover attorneys' fees is premature. The Court may award reasonable attorneys' fees to the prevailing party, if the party first prevails on infringement. Accordingly, the Court DENIES without prejudice Ross' motion for partial summary adjudication concerning Seirus' prayer for attorneys' fees for patent infringement.

### D. Damages or Attorneys' Fees for its Trade Dress Claims

Ross moves for partial summary judgment that Seirus is not entitled to recover any damages or attorneys' fees for its trade dress claims. (Doc. No. 221-1 at 1.) Seirus alleges that it is entitled to damages, including lost profits and the costs of this action, for Defendants' alleged trade dress infringement, enhanced damages, and attorneys' fees under 15 U.S.C. § 1117(a) (2001). Section 1117(a) states, in pertinent part, that the plaintiff may recover:

> (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

Section 1117(a) provides for only compensatory damages, not punitive damages, and such damage awards may not be based on speculation or conjecture. See Lindy Pen Co., Inc. v. Bic Pen Corp., 982 F.2d 1400, 1408 (9th Cir. 1993). ("Many courts have denied a monetary award in infringement cases when damages are remote and speculative."). On October 3, 2011, the Court issued an order granting Defendants' motions for summary adjudication concerning Seirus' trade dress claims and unfair competition claims. (Doc. No. 350.) Therefore, Seirus is not entitled to damages for its alleged trade dress claims or unfair competition claims. Accordingly, the Court GRANTS Ross' motion for partial summary

adjudication concerning Seirus' claim for damages for unfair competition and trade dress.

### E. Punitive Damages

Ross moves for partial summary judgment that Seirus is not entitled to punitive damages. (Doc. No. 221-1 at 1.) Ross claims that nowhere in the Amended Complaint does Seirus state a claim for punitive damages. Ross further argues, "[t]wo and a half years into this case, six months before trial, and on the eve of the discovery cutoff, Seirus for the first time in supplemental discovery responses claimed punitive damages, in addition to enhanced damages. (Doc. No. 2211, Ex. W and X, Responses to Interrogatory No. 18.)

Punitive damages are considered special damages and, therefore, must be specifically stated. See Fed. R. Civ. P. 9(g) (2011) ("If an item of special damage is claimed, it must be specifically stated."; see also In re Hyroxycut v. Slyter, 2011 U.S. Dist. LEXIS 29453 (S.D. Cal. March 21, 2011) ("Fed. R. Civ. P. 9(g) governs the pleading of punitive damages in federal courts.") Seirus' Fourth Claim in its First Amended Complaint ("FAC") for unfair competition only has allegations to alleged violations of the Lanham Act, for which punitive damages are not recoverable. (Doc. No. 8, FAC, § 32-34.) (See Duncan v. Stuetzle, 76 F.3d 1480, 1490 (9th Cir. 1996) (concluding that punitive damages are not recoverable under the Lanham Act).

Therefore, the Court concludes that Seirus cannot recover punitive damages because punitive damages are not recoverable under the Lanham Act. Accordingly, the Court GRANTS Ross' motion for summary adjudication of Seirus' prayer for punitive damages.

///
///
///
///
///
///
///
///

## **Conclusion**

Based on the foregoing, the Court GRANTS Ross' motion for partial summary adjudication concerning Seirus' prayer for trade dress and unfair competition damages, punitive damages, and enhanced damages.  The Court DENIES Ross' motion for partial summary adjudication concerning Seirus' claims for compensatory damages.  The Court DENIES without prejudice Ross' motion for partial summary adjudication of Seirus' prayer for attorneys' fees for patent infringement.

**IT IS SO ORDERED.**

DATED:  October 5, 2011

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT