| | |
|---|---|
| 1 | Callie A. Bjurstrom, State Bar No. 137816 |
| | LUCE, FORWARD, HAMILTON & SCRIPPS LLP |
| 2 | 600 West Broadway, Suite 2600 |
| | San Diego, California 92101-3372 |
| 3 | Telephone No.: 619.236.1414 |
| | Fax No.: 619.645.5323 |
| 4 | Email: cbjurstrom@luce.com |
| 5 | Donald R. Cassling (*admitted pro hac vice*) |
| | donald.cassling@quarles.com |
| 6 | Gregory P. Sitrick (*admitted pro hac vice*) |
| | gregory.sitrick@quarles.com |
| 7 | Nicole M. Murray (*admitted pro hac vice*) |
| | nicole.murray@quarles.com |
| 8 | Valerie P. Vidal (*admitted pro hac vice*) |
| | valerie.vidal@quarles.com |
| 9 | QUARLES & BRADY LLP |
| | 300 N. LaSalle Street |
| 10 | Suite 4000 |
| | Chicago, IL  60654-3406 |
| 11 | Telephone No.: 312.715.5000 |
| | Fax No.: 312.715.5155 |
| 12 | |
| | Attorneys for Defendant and Counterplaintiff |
| 13 | CABELA'S INC. |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEIRUS INNOVATIVE ACCESSORIES, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CABELA'S INC., a Delaware corporation, and ROSS GLOVE COMPANY, a Wisconsin corporation,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:09-CV-0102-H-WMC<br><br>**CABELA'S, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON ITS FALSE MARKING COUNTERCLAIM**<br><br>Date: October 17, 2011<br>Judge: Hon. Marilyn L. Huff<br>Crtrm.: 13 |

Seirus does not dispute that it falsely marked its products and cannot disprove its intent to deceive. Instead, Seirus argues that it has been rescued by the America Invents Act (AIA), signed into law on September 16, 2011, which retroactively curtails who may bring false marking claims and the available damages in a false marking action. However, the retroactive provisions of the AIA violate both the Takings and Due Process Clauses of the Constitution which forestall the Government from taking a vested property interest without just compensation and due process of law. The constitutionality of the retroactive affect of the AIA has been challenged by Cabela's in a separate brief recently filed at the invitation of this Court and will not be repeated here. *See* Dkt. No. 347.

## ARGUMENT

To prevail on a claim for false marking, a party must prove: (1) that an article was marked with the word "patent" or another indicator that the product is patented; (2) that the article was an "unpatented article"; and (3) that the marking was "for the purpose of deceiving the public." 35 U.S.C. § 292; *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005).

Notably, Seirus ***does not*** argue that the products were not marked or that the '690 Patent actually covers the products accused of false marking. Seirus concedes these vital points.[1] Instead, Seirus disputes that it acted with an intent to deceive. Seirus' arguments in this regard are meritless, without legal support and must be rejected.

**A.   Seirus Misstates the Applicable Legal Standards.**

The false marking statute requires that the marker act "for the purpose of deceiving the public." 35 U.S.C. § 292(a). "The fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent." *Clontech*, 406 F.3d at 1352 (quoting *Norton v. Curtiss*, 57 C.C.P.A. 1384, 433 F.2d 779, 795-96 (1970)). The Federal Circuit has held that knowledge that a product is falsely marked can be established when the patentee is made aware of adverse claim construction rulings indicating that the marked products do not fall within the scope of the patent. *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed Cir. 2009).

---

[1] Seirus conceded these points in prior filings as well. *See* Cabela's Memorandum of Points and Authorities in Support of its Motion for Partial Summary Judgment on its False Marking Counterclaim. Dkt. No. 259, p. 12.

Seirus does not dispute that it had knowledge of the scope of the '690 Patent through the prosecution history and repeated claim construction orders addressing the patent. Instead, Seirus argues that "this evidence does not and cannot give rise to a finding as a matter of law that Seirus acted with the specific intent to deceive the public in violation of Section 292 – a statute which is criminal in nature and punishable by a civil fine." *See* Dkt. No. 358, p. 8 (Seirus' Response in Opposition). Seirus misreads § 292, *See* Dkt. No. 234, pp. 12-13 (Cabela's, Inc.'s Opposition to Plaintiff Seirus Innovative Accessories, Inc.'s Motion for Summary Judgment on Cabela's, Inc.'s 35 U.S.C. § 292 Counterclaims) (collecting cases), and ignores this Court's holding that § 292 is not akin to a criminal prosecution. (*See* Dkt. No. 254 p. 5). Under the correct standard, there can be no dispute that Seirus violated, and continues to violate, the false marketing statute.

**B.    The Undisputed Facts Establish that Seirus Had the Requisite Specific Intent to Deceive the Public.**

Seirus does not dispute the lengthy history of the prosecution and construction of the '690 Patent detailed in Cabela's opening brief. *See* Dkt. No. 259, pp. 2-13. Time and again, the claim of the '690 Patent has been construed to require goggles and a headpiece of woven material. Indeed, in the many times that the claim has been construed, it ***has never been construed*** according to Seirus' interpretation.

Hope may spring eternal, but there comes a time when one can no longer in good faith and with impunity hold to a belief that has been repeatedly and consistently rejected. Setting aside its preposterous defense that "Claim Construction Orders are subject to change" and "reasonable minds can differ as to the interpretation of claims when marking products," Seirus fails to cite a ***single*** fact to support its allegation that it "did not know or believe that any of its products were falsely marked." *See* Dkt. No. 358, p. 9.

The presumption of the intent to deceive created by the adverse claim construction rulings cannot be rebutted by "the mere assertion by a party that it did not intend to deceive." *Clontech*, 406 F.3d at 1352. Seirus simply cannot rebut the presumption and summary judgment is appropriate.

//

//

For the foregoing reasons, Cabela's respectfully requests that the Court grant its motion for partial summary judgment on its false marking counterclaim.

DATED: October 7, 2011       Quarles & Brady LLP

By: */s/Nicole M. Murray*
Donald R. Cassling
Gregory P. Sitrick
Nicole Murray
Valerie P. Vidal
Attorneys for Defendant and Counterplaintiff
CABELA'S INC.

DATED: October 7, 2011       LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: */s Callie A. Bjurstrom*
Callie A. Bjurstrom
Attorneys for Defendant and Counterplaintiff
CABELA'S INC.

101682228.1