# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEIRUS INNOVATIVE ACCESSORIES, INC., a Utah corporation,<br><br>Plaintiff / Counterclaim-Defendant,<br><br>vs.<br><br>CABELA'S INC., a Delaware corporation, and ROSS GLOVE COMPANY, a Wisconsin corporation,<br><br>Defendant / Counterclaim-Plaintiff. | CASE NO. 09-CV-102 H (WMC)<br><br>**ORDER**<br><br>**(1) DENYING CABELA'S' CONSTITUTIONAL CHALLENGE TO THE AMERICA INVENTS ACT;**<br><br>**(2) GRANTING SEIRUS' MOTION FOR SUMMARY JUDGMENT ON CABELA'S' FALSE MARKING COUNTERCLAIM;**<br><br>**(3) GRANTING SEIRUS' MOTION FOR SUMMARY JUDGMENT ON CABELA'S' UNFAIR COMPETITION COUNTERCLAIM; AND**<br><br>**(4) DENYING CABELA'S' MOTION FOR SUMMARY JUDGMENT ON ITS FALSE MARKING COUNTERCLAIM** |

On July 27, 2011, Seirus filed a motion for summary judgment on Cabela's false marking counterclaim. (Doc. No. 211.) On September 12, 2011, Cabela's filed its response in opposition to Seirus' motion. (Doc. No. 292.) On September 16, 2011, the President signed

into law H.R. 1249, commonly known as the "America Invents Act" ("AIA"). Section 16 of the AIA amends the False Marking statute, 35 U.S.C. § 292, to allow only the United States to sue for penalties under the statute. Further, a person may file a civil action to recover damages under the amended statute only if it has "suffered a competitive injury." Id. The law "shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act." Id. Seirus filed its reply on September 19, 2011, three days after the AIA was signed into law, and argued that the enactment of the AIA precludes Cabela's false marking claim. (Doc. No. 300-301.) The Court held a hearing on Seirus' summary judgment motion on September 26, 2011. (Doc. No. 326). At the hearing, the Court agreed to entertain briefing on how the retroactive provisions of the AIA effects Cabela's false marking counterclaim. (Id.)

On September 1, 2011 Cabela's filed a motion for partial summary judgment on its false marking counterclaim. (Doc. No. 259.) On October 3, 2011, Seirus filed its response in opposition to Cabela's' motion for partial summary judgment. (Doc. No. 358.) On October 7, 2011, Cabela's filed its reply. (Doc. No. 370.)

On October 3, 2011, Cabela's filed a supplemental brief challenging the constitutionality of the amended False Marking Act, 35 U.S.C. § 292. (Doc. No. 347.) Cabela's also provided notice to the Attorney General pursuant to Fed.R.Civ.P. 5.1 on the same day. (Doc. No. 348.) On October 3, 2011, Seirus filed a supplemental brief opposing Cabela's constitutional challenge to the AIA. (Doc. No. 355.)

On October 17, 2011, the Court held a hearing on these matters. Matthew Murphey and Paul McGowan appeared for Seirus. Nicole Murray, Callie Bjurstrom, and Gregory Sitrick appeared for Cabela's. Duane Horning, Justin Walker, and Cynthia Iliff appeared for Defendant Ross Glove Company. Chris Latham specially appeared for the United States.

**I. Cabela's' Constitutional Challenge to the America Invents Act**

In light of the recent passage of the AIA, Cabela's argues that the retroactive application of the AIA to pending false marking cases violates the United States Constitution's prohibition against retroactive legislation that eliminates vested property interests. (Doc. No. 347 at 1.)

Specifically, Cabela's argues that the AIA violates both the Takings and Due Process Clauses of the U.S. Constitution which prohibit the Government from taking a vested property interest without just compensation and due process of law. (Id.)

When Congress clearly intends for a statute or amendment to apply retroactively, the legislation will apply as intended absent a violation of the Due Process Clause. Landgraf v. USI Film Prods., 511 U.S. 244 (1994). Congressional enactments will not be construed to have retroactive effect unless their language requires this result. Id. at 272. Further, the Ninth Circuit affirmed that "[t]o satisfy due process, the United States Supreme Court requires that Congress must have enacted a retroactive statute for a legitimate purpose, and retroactively applying the statute must be a rational means to accomplish Congress' purpose." United States v. Ubaldo-Figueroa, 347 F.3d 718, 727 (9th Cir. 2003) (citing United States v. Carlton, 512 U.S. 26, 30-31 (1994)).

The Court concludes that Congress enacted AIA for a legitimate purpose, and Congress clearly intended for AIA to apply retroactively. Here, Congress intended the amendments to apply retroactively: "[t]he amendments made by this subsection shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act." AIA at § 16(b)(4). Congress' intent that the AIA apply retroactively is clear on the face of the amendment and Congress enacted the AIA for a legitimate purpose. Therefore, Cabela's due process challenge to the AIA fails.

Further, Cabela's argument that AIA violates the Takings Clause of the United States Constitution fails as well. Cabela's argues that the Takings Clause provides a safeguard against retrospective legislation concerning property rights. (Doc. No. 347 at 3.) Cabela's overlooks the fact that a successful Takings Clause argument involves a taking of "vested property rights" "for public use." See Landgraf, 511 U.S. at 266; Kelo v. City of New London, 545 U.S. 469 (2005). There is no showing of a public use associated with Cabela's assertion that AIA destroyed its false marking claim, or that Cabela's would prevail on its false marking claim. Accordingly, the Court DENIES Cabela's Takings Clause challenge to AIA.

///

## II. Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir.1997). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. Celotex, 477 U.S. at 322. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." Anderson, 477 U.S. at 256.

When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The Court does not make credibility determinations with respect to evidence offered. See T.W. Elec., 809 F.2d at 630-31 (citing Matsushita, 475 U.S. at 587). Summary judgment is therefore not appropriate "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts...." Hollingsworth Solderless Terminal Co. v. Turley, 622 F.2d 1324, 1335 (9th Cir. 1980).

**III. Cross Motions for Summary Judgment on the False Marking Counterclaim**

Seirus moves for summary judgment that it did not falsely mark its products in violation of 35 U.S.C. § 292 (the "False Marking statute"). (Doc. No. 211.) Cabela's filed a cross motion for summary judgment on its false marking counterclaim over the '690 patent. (Doc. No. 259.) The False Marking Statute provides in relevant part:

> (a) Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public . . . [s]hall be fined not more than $500 for every such offense.
> (b) A person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury.

35 U.S.C. § 292.

As amended by the AIA, the False Marking statute requires a person alleging a violation of the statute to show that they have "suffered a competitive injury" as a result of the false marking. H.R. 1249 (Sept. 16, 2011). The AIA amendments "apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act." Id.

To succeed on a claim for false marking, a party must prove that a patent owner marked an "unpatented article" and that the marker acts "for the purpose of deceiving the public." Pequignot v. Solo Cup Co., 608 F.3d 1356, 1361-62 (Fed. Cir. 2010). "Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true." Clontech Labs. Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005). A party asserting a false marking claim must show by a preponderance of the evidence that the accused party did not have a reasonable belief that the articles were properly marked. Id. at 1352-53. An assertion by a party that it did not intend to deceive, standing alone, "is worthless as proof of no intent to deceive where there is knowledge of falsehood." Id. at 1352. Further, the combination of a falsely marked product and knowledge that the marking was false creates a rebuttable presumption of intent to deceive the public. Pequignot, 608 F.3d at 1363. The party attempting to rebut the presumption has the burden of proof to show by a

1 preponderance of the evidence that it did not have the requisite purpose to deceive. Id. at
2 1364.

### A. Competitive Injury

Under the AIA, Cabela's must show that it has suffered a competitive injury in order to bring a false marking claim. Seirus argues that Cabela's has no evidence of competitive injury as required by the AIA, is not a competitor, and is judicially estopped from asserting a competitive injury. (Doc. No. 358 at 1.)

"Competitive injury" means predatory pricing, price discrimination, injury to competition, or loss of business opportunities. Volvo Trucks N. Am., Inc. v. Reeder-Simco GMC, Inc., 546 U.S. 164, 176 (2006); Memry Corp. v. Ky. Oil Tech. N.V., 2007 U.S. Dist. LEXIS 820115, at *18-20 (N.D. Cal. Nov. 5, 2007) (summary judgment proper where no evidence of competitive injury for missed licensing opportunities). Further, "under common law, 'competitive injury originally composed an essential element of the tort of unfair competition.'" Id. at *18.

Cabela's has designated no expert to show it suffered a form of competitive injury that resulted in money damages. Further, Cabela's has not shown that it must pay more for its products or that it had fewer purchase options available as a result of Seirus' conduct. Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. Celotex, 477 U.S. at 322. Based on the foregoing, the Court concludes that Cabela's has not set forth facts sufficient to show that it suffered a competitive injury.

Further, Cabela's has failed to demonstrate that its in a competitive relationship with Seirus. Seirus sells its products directly to distributors and retailers. (Doc. No. 358, Ex. D at 150-51.) Seirus does not have physical stores and does not have a website used to sell its products. (Id.) In contrast, Cabela's sells its products at the retail level in its stores, through its catalog, and through its website. (Doc. No. 358, Ex. E at 110.) Cabela's has not come forward with sufficient evidence, rather than argument, to show a competitive injury.

Moreover, at a hearing on a motion to dismiss Cabela's failed antitrust counterclaim,

Cabela's conceded that "Cabela's is not in competition with Serius. We do not manufacture these products." (Doc. No. 78, Ex. B to Murphy Declaration, p. 15:17-19.) Judicial estoppel, "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." Pegram v. Herdrich, 530 U.S. 211, 227, n. 8 (2000). Because Cabela's already conceded that it is not in competition with Seirus, Cabela's is judicially estopped from now alleging that it is a competitor of Seirus. Therefore, Cabela's cannot change its argument to now claim that it competes with Serius.

Based on the foregoing, the Court concludes that Cabela's has not presented evidence that it has suffered a competitive injury.[1] Accordingly, the Court GRANTS Seirus' motion for summary adjudication that Seirus did not falsely mark its products with the '804 and '690 patents, and the Court DENIES Cabela's cross motion for summary adjudication that Seirus did falsely mark its products with the '690 patent.

**IV.   Seirus' Motion for Summary Judgment on Cabela's' Unfair Competition Counterclaim**

To bring an unfair competition claim, a party must have both suffered injury in fact and lost money or property as a result of the unfair competition. Cal. Bus. Prof. Code § 17204; Lorzano v. AT&T Wireless Servs., Inc., 504 F.3d 718, 731-32 (9th Cir. 2007). "Unlawful" prohibition under Section 17200 "'borrows' violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under [Section] 17200." Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 383 (1992).

Seirus seeks summary judgment on Cabela's unfair competition counterclaim under Cal. Bus. & Prof. Code § 17200 because Cabela's counterclaim is based on the same predicate acts that fail under the False Marking statute. (Doc. No. 211 at 13.) The Court agrees.

The Court concludes that Cabela's false marking counterclaim fails because Cabela's has not suffered a competitive injury. Further, Cabela's' unfair competition counterclaim fails because Cabela's has not proven that it suffered injury in fact and lost money or property as

---

[1] As Cabela's has not shown a competitive injury as required under the AIA, the Court need not discuss whether the products are unpatented or whether Seirus had a good faith belief in the marking.

a result of the unfair competition. Cal. Bus. Prof. Code § 17204. Accordingly, because Cabela's counterclaim for unfair competition depends on its false marking claim, the Court GRANTS Seirus' motion for summary adjudication that Seirus did not commit unfair competition under Cal. Bus. & Prof. Code § 17200.

## Conclusion

For the foregoing reasons, the Court (1) DENIES Cabela's' Constitutional Challenge to the America Invents Act, 35 U.S.C. § 292; (2) GRANTS Seirus' motion for summary judgment on Cabela's' false marking counterclaim; (3) GRANTS Seirus' motion for summary judgment on Cabela's' unfair competition counterclaim; and (4) DENIES Cabela's' motion for summary judgment on its false marking counterclaim on the '690 patent.

**IT IS SO ORDERED.**

DATED: October 19, 2011

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT