# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

SEIRUS INNOVATIVE ACCESSORIES, INC., a Utah corporation,

Plaintiff / Counterclaim-Defendant,

vs.

CABELA'S INC., a Delaware corporation, and ROSS GLOVE COMPANY, a Wisconsin corporation,

Defendant / Counterclaim-Plaintiff.

CASE NO. 09-CV-102 H (WMC)

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PATENT INVALIDITY FOR OBVIOUSNESS OF U.S. PATENT NO. 5,214,804; DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PATENT INVALIDITY FOR ANTICIPATION OF U.S. PATENT NO. 5,214,804; AND DENYING MOTIONS FOR INVALIDITY OF PATENT NOS. 6,272,690 AND D510,652 AS MOOT.**

On September 2, 2011, Cabela's Inc. ("Cabela's") filed its motion for summary judgment of patent invalidity. (Doc. No. 265.) On the same day, Ross Glove Company ("Ross") filed a notice of joinder regarding the summary judgment motion. (Doc. No. 283.) On October 3, 2011, Seirus Innovative Accessories, Inc. ("Seirus") filed its response in opposition regarding Cabela's and Ross's (collectively "Defendants") motion for summary judgment. (Doc. No. 361.) On October 7, 2011, Defendants filed a reply in support of their motion for summary judgment. (Doc. No. 371.) On October 17 and 24, 2011, the Court held

hearings on Defendants' motion for summary judgment. Matthew Murphey and Paul McGowan appeared for Seirus. Nicole Murray, Callie Bjurstrom, and Gregory Sitrick appeared for Cabela's. Duane Horning, Justin Walker, and Cynthia Iliff appeared for Defendant Ross Glove Company. For the following reasons, the Court grants Defendants' motion for summary judgment on patent invalidity for obviousness of U.S. Patent No. 5,214,804, denies Defendants' motion for summary judgment on patent invalidity for anticipation of U.S. Patent No. 5,214,804, and denies Defendants' motions for summary judgment on patent invalidity of U.S. Patent Nos. 6,272,690 and D510,652 as moot.

## Background

On January 20, 2009, Seirus filed a complaint alleging that Defendants' accused products infringe one or more of the following patents: U.S. Patent Nos. 6,272,690 ("the '690 patent"); 5,214,804 ("the '804 patent"); and D510,652 ("the 'D652 patent"). (Doc. No. 8 at 4-6.) In response, Cabela's filed its answer and asserted counterclaims along with a number of affirmative defenses, including patent invalidity. (Doc. No. 108 at 11-13.)

**A. The '804 Patent**

The '804 patent was filed on January 27, 1992, and issued on June 1, 1993. (The '804 patent.) The patent's two independent claims are directed to an article of clothing that includes a mask portion to be worn about a user's mouth and nose, and a scarf portion to be worn about a user's neck. A "securing means" is used to secure the article of clothing about a user's head. (Id.)



Fig. 1



Fig. 2

**B. The 'D652 Patent**

The 'D652 patent was filed on October 31, 2003, and issued on October 18, 2005. (The 'D652 patent.) The design patent includes a series of eight drawings and is directed to the ornamental design of a neck protector. (Id.)



**C. The '690 Patent**

The '690 patent was filed on March 18, 1996, and issued on August 14, 2001. (The '690 patent.) It contains a single claim directed to a "combination of a sport goggle and an article of protective clothing." (Id.) The article of clothing includes a mask member for placement about a user's mouth and nose, a head member connected to the mask member for placement about a user's head, and a scarf portion for placement about the user's neck. (Id.)



///
///
///

## I. Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Freeman v. Arpaio, 125 F.3d 732 (9th Cir.1997). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. A patent invalidity defense is properly decided on summary judgment where the undisputed material facts mandate the entry of judgment as a matter of law. Telemac Cellular Corp. v. Topp Telecom, Inc., 247 F.3d 1316, 1327 (Fed. Cir. 2001); Golden Bridge Tech., Inc. v. Nokia, Inc., 527 F.3d 1318, 1321 (Fed. Cir. 2008).

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can present evidence that negates an essential element of the nonmoving party's case or demonstrate that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. Id. at 322-23. Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. Celotex, 477 U.S. at 322. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." Anderson, 477 U.S. at 256.

When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The Court does not make credibility determinations. See T.W. Elec., 809 F.2d at 630-31 (citing Matsushita, 475 U.S. at 587). Summary judgment is inappropriate "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts." Hollingsworth Solderless Terminal Co. v. Turley, 622 F.2d 1324, 1335 (9th Cir. 1980).

## II. Discussion

A patent is presumed valid once issued by the United States Patent and Trademark Office (USPTO). Microsoft Corp. v. i4i Ltd. P'ship, 131 S. Ct. 2238, 2242 (2011). In order to overcome the presumption of validity, a party must prove the invalidity defense by clear and convincing evidence. Id.

### A. '804 Patent

The '804 patent includes independent claims 1 and 4. Plaintiff asserts that claims 1-5 and 8-15 are infringed by Defendants' products. Claim 1 includes three elements: i) a mask member with an upper edge and a lower edge; ii) a scarf member secured to the mask member; and iii) a securing means associated with the scarf member. (The '804 patent.) The upper edge of the mask member extends along the lower part of the user's eye socket areas contoured1y over the nose. (Id.) The lower edge extends under the user's chin and upwardly toward the upper edge on both sides of the face rearward of the eye socket areas. (Id.) The upper edge extends rearward1y to the area of the temples, and the lower edge is arcuate and intersects the upper edge in the area of the temples. (Id.) The scarf member is secured to said mask member along the lower edge and is sized to extend from the lower edge substantially the height of the neck of the user and in width rearwardly about the neck on both sides of the user's head. (Id.) The securing means is used to secure the article of clothing about the head of the wearer. (Id.)

Claim 4 includes all the limitations of claim 1, and further includes limitations relating to the scarf member. Specifically, claim 4 further limits the scarf member to include a left side and a right side that are sized to surround the neck of the user, and the area of the scarf member under the chin of the user extending in height from the lower edge of the mask member to the chest area of the user. (Id.)

///

///

///

///

Representative figures of the ‘804 patent are pictured below:

Fig. 1

Fig. 2

**1. Anticipation**

Defendants move for summary judgment of invalidity. Defendants first assert that each limitation of claims 1 and 4 of the ‘804 patent is taught by U.S. Patent No. 772,148 (“the ‘148 patent”), and is therefore anticipated under 35 U.S.C. § 102(b). (Doc. No. 265 at 6-7.) A determination of anticipation is a question of fact. In re Gleave, 560 F.3d 1331, 1334 (Fed. Cir. 2009). An anticipation defense under 35 U.S.C. § 102 requires clear and convincing evidence that a single prior-art reference discloses all limitations of a claim. See, e.g., Glaxo Group Ltd. v. Apotex, Inc., 376 F.3d 1339, 1348 (Fed. Cir. 2004); Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co., 308 F.3d 1167, 1188-89 (Fed. Cir. 2002). A prior art reference anticipates a claimed invention if it explicitly or inherently discloses each and every element of the claim and enables one of ordinary skill in the art to make the invention without undue experimentation. Id. A claim is anticipated under 35 U.S.C. § 102(b) if the claimed subject matter was patented or described in a printed publication more than one year prior to the date of application for patent. 35 U.S.C. § 102(b).

Anticipation is typically established by one skilled in the art who must “identify each claim element, state the witnesses’ interpretation of the claim element, and explain in detail how each claim element is disclosed in the prior art reference.” Schumer v. Lab.

Computer Sys., Inc., 308 F.3d 1304, 1315 (Fed. Cir. 2002).  Such testimony cannot be merely conclusory.  Id. at 1315-16.

In support of the Defendants' anticipation argument, Cabela's provides an invalidity chart with an element by element analysis of the '804 patent claims in view of the disclosure of the '148 patent.  (Doc. No. 267, Ex. H.)  The figures and the corresponding specification of the '148 patent demonstrate a factual dispute regarding whether the prior art patent anticipates the '804 patent.  For instance, the parties dispute whether the nose protector E extends under the wearer's chin and whether the lower portion of the nose protector is secured to the scarf member.  (See figures 6 and 7 of the '148 patent, Doc. No. 361 at 18.)  The parties also dispute whether the "throat portion" of the '148 patent can be considered a throat portion because the '148 patent throat portion extends above the eye socket areas almost to the top of the head.  (Id.)

The Court concludes that a factual dispute remains as to whether the '148 patent anticipates the claims of the '804 patent.  Viewing the evidence in light most favorable to Seirus, and drawing all reasonable inferences in its favor, the Court denies Defendants' summary judgment motion concerning anticipation of the '804 patent.

**2. Obviousness**

"The ultimate judgment of obviousness is a legal determination," and summary judgment may be appropriate if "the content of the prior art, the scope of the patent claim, and the level of ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors."  KSR Int'l Co. v. Teleflex Inc., 550 U.S. 398, 427 (2007) (citing Graham v. John Deere Co. of Kansas City, 383 U.S. 1, 17 (1966)).  Unlike anticipation, where a single reference must disclose all claim elements, a party asserting obviousness may rely on the prior art as a whole.  Panduit Corp. V. Dennison Mfg., 810 F.2d 1561, 1566 (Fed. Cir. 1987).  An obviousness analysis includes "the scope and content of the prior art, differences between the prior art and the claims at issue, and the level of ordinary skill in the art." Dippin' Dots, Inc. v. Mosey, 476 F.3d 1337, 1343 (Fed. Cir. 2007)  [**9] (quoting LNP Eng'g Plastics, Inc. v. Miller Waste Mills, Inc., 275

F.3d 1347, 1353 (Fed. Cir. 2001)). Courts also consider secondary factors, including "'commercial success, long felt but unsolved needs, failure of others, etc.'" which may dislodge a determination of obviousness. Id. at 405 (quoting Graham, 353 U.S. at 17-18.)

In KSR, the Supreme Court rejected a rigid application of the Federal Circuit's "teaching, suggestion, or motivation" test. KSR Int'l Co., 550 U.S. at 407. When determining obviousness, "neither the particular motivation nor the avowed purpose of the patentee controls." Id. at 419. Instead, courts should determine whether the "objective reach of the claim" encompasses obvious subject matter. Id. This may include "noting that there existed at the time of invention a known problem for which there was an obvious solution encompassed by the patent's claims." Id. at 420.

"[T]he results of ordinary innovation are not the subject of exclusive rights under the patent laws." KSR Int'l Co., 550 U.S. at 427. However, courts must avoid "falling prey to hindsight bias," "*ex post* reasoning," and "[r]igid preventative rules that deny factfinders recourse to common sense." Id. at 421. Furthermore, "when the prior art teaches away from combining certain known elements, discovery of a successful means of combining them is more likely to be nonobvious." Id. at 416.

"A patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." KSR Int'l Co., 550 U.S. at 418. A combination is likely nonobvious if the elements work together "in an unexpected and fruitful manner." Id. at 416. In contrast, a patent is likely to be obvious if it merely yields predictable results by combining familiar elements according to known methods. Id.

Applying the KSR standards, the Federal Circuit in Rothman v. Target Corp. reviewed a trial court determination of obviousness of a patent involving a nursing garment "with invisible breast support for nursing mothers." Rothman v. Target Corp., 556 F.3d 1310, 1314 (Fed. Cir. 2009). The Court concluded that nursing garment design is a predictable art. Id. at 1319. Because the inventor simply "combined an off-the-shelf Jockey tank top with a built-in shelf bra and an off-the-shelf Olga nursing bra to arrive at

the claimed invention," and the different garments continued to function in an ordinary and expected way, the patent was found to be invalid as obvious in view of the common practice of using similar constructions or combinations. Id.

Applying these standards, the Court reviews the '804 patent for obviousness. Defendants cite a number of prior art references and assert that various combinations of the references render the '804 patent invalid for obviousness. (Doc. No. 265, Ex. I.) Plaintiff argues that the presumption of validity precludes summary judgment of invalidity of its patents. (Doc. No. 361 at 1.) Plaintiff also argues that Defendants have not shown any evidence as to why one skilled in the art would have combined the various references at the time the patent was filed, or what would have motivated one to do so. (Id. at 20.)

Six of the references cited by Defendants were not before the USPTO when the '804 patent application was examined, including U.S. Patent Nos.: 5,025,507; 4,718,123; 2,686,317; 5,109,548; 202,262; and 4,768,235. The cited references that were before the USPTO were analyzed under pre-KSR obviousness standards, and include U.S. Patent Nos.: 4,300,240; 4,825,474; 772,148; 4,941,211; and 766,963. Representative figures of the prior art references cited by Defendants are pictured below:

'240
'474
'507
'123
'148
'317

///

///

///

///

///



**‘211 ‘548 ‘262 ‘963 ‘235**

A patent is likely to be obvious if it merely yields predictable results by combining familiar elements according to known methods. KSR Int’l Co., 550 U.S. at 418. The claimed elements of the ‘804 patent are familiar elements as shown by the many prior art patents cited by Defendants. The record shows that combining the various elements using known methods, as shown in the prior art, would yield predictable results for cold weather head gear. For example, U.S. Patent No. 2,686,317 (“the ‘317 patent”), which was not before the USPTO, discloses head wearing apparel for protecting a wearer against severe weather conditions. (The ‘317 patent, col. 1 ll: 1-4.) The ‘317 patent discloses all elements of claims 1-5 of the ‘804 patent except the “securing means” of claims 1 and 4. Representative figures of the ‘804 and ‘317 patents are pictured below for reference:

**‘804 Patent** **‘317 Patent**

///

///

The ‘317 patent teaches a mask portion as claimed in claims 1-4. Specifically, flaps 8 and 9 make up the mask portion and extend from the opposite sides 4 and 5 of the hood. The flaps are described as “namely face covering portions of cupped formation and generally triangular in shape.” (The ‘317 patent, col. 2 ll: 52-55.) The prior art patent further describes an upper edge 13 of the mask portion that has a relatively horizontal position in front of the face slightly below the eyes, and a lower edge of the mask portion that is positioned under the chin that extends toward the horizontal edge. (Id. at Fig. 2, col. 2 ll: 21-31, and col. 3 ll: 33-40.) The ‘317 patent also teaches a scarf portion 6 secured to the mask portion that extends downwardly to surround the neck of the wearer on both sides of the head. (Id. at Fig. 1, item 6, and col. 2 ll: 31-40.) The scarf portion covers the chest of the wearer and has two sides that come together to surround the neck of the wearer. (Id. at Fig. 1, item 6, and col. 2 ll: 35-37.) The lower edge and horizontal upper edge 13 of the mask portion intersect approximately at the wearer’s temples. (Id. at Fig. 2.) Regarding claim 5, the ‘317 patent discloses the scarf portion extending from the mask portion at the wearer’s temples to surround the wearer’s head. (Id.)

The ‘317 patent does not disclose the claimed “securing means associated with said scarf member to secure the article of clothing about the head of the user.” Instead, the ‘317 patent describes a fastening device that operates to open or close the entire mask and scarf portions in the front portion of the garment. (The ‘317 patent, Figs. 1 and 3, item 15.) However, other prior art references disclose the claimed securing means. For example, U.S. Patent No. 4,718,123 (“the ‘123 patent”) teaches a garment for covering the neck of a wearer that has appendages that wrap around the neck and fasten to one another at the ends using a releasable fastener, such as Velcro, buttons, zippers, or snaps. (The ‘123 patent, Figs. 1-2, col. 1 ll: 52-57.) Further, U.S. Patent No. 4,300,240 (“the ‘240 patent”) discloses a mask with securing means, such as adjustable velcro strips, for securing the mask around the wearer’s head. (The ‘240 patent, Fig. 1, col. 4 ll: 52-57.)

A patent that is merely a combination of familiar elements combined using known methods that produces predictable results is likely obvious. KSR Int’l Co., 550 U.S. at 418.

Here, modifying the scarf portion of the ‘317 patent to include the fasteners of the ‘123 patent would yield predictable results, such as allowing easy removal of the head wearing apparel. The elements taught by the prior art patents do not work together in an unexpected manner, and instead work together as they did independently. The Supreme Court noted in KSR that, when determining obviousness, “neither the particular motivation nor the avowed purpose of the patentee controls.” Id. at 419. Thus, Defendants are not necessarily required to show a motivation to combine the references.

Moreover, during prosecution of the ‘804 patent application, the patent examiner noted in the Notice of Allowance that, “[n]one of the cited references alone or in combination disclose an article of clothing comprising a mask and an attached scarf member where the mask has an upper edge and a lower edge and where the upper edge extends rearwardly to the area of the wearers [sic] temples and where the lower edge is arcuate and intersects the upper edge in the area of the temples.” (The ‘804 patent prosecution history.) The undisclosed ‘317 patent describes a lower edge and a horizontal upper edge 13 of a mask portion that intersect approximately at the wearer’s temples. (The ‘317 patent, Fig. 2.) Significantly, the ‘317 patent was not before the examiner. Therefore, the examiner’s reasons for allowing the ‘804 patent are undercut by the existence of the ‘317 patent.

The ultimate judgment of obviousness is a question of law for the Court. KSR Int’l Co., 550 U.S. at 427. Considering the prior art, the scope of the patent claims, and the level of skill in the art, the Court concludes that the record demonstrates no triable issue of material fact on obviousness for claims 1-5 of the ‘804 patent. The Court’s prior order denying Plaintiff’s motion concerning Defendants’ affirmative defense of patent invalidity does not foreclose the Court’s ruling on this motion. Under Celotex, once a party moves for summary judgment, the opposing party must come forward with affirmative evidence to show that a triable issue remains. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Dependent claims 8-12 recite various limitations directed to the materials of the mask and scarf members. (The ‘804 patent.) Dr. Brookstein indicated that the materials

were commercially available and concluded that it would have been obvious to use these materials because the properties were known to be desirable for cold weather garments. (Doc. No. 265, Ex. I at 110-15.) Plaintiff provides no expert evidence to rebut Dr. Brookstein's conclusion, and Plaintiff's other challenges to Dr. Brookstein do not rise to a dispute of material fact. The Court concludes that there is no triable issue as to whether the types of materials recited in the claims were well known in cold weather apparel design.

Dependent claims 13-15 recite limitations directed to a "middle edge" of the mask member "for positioning under the user's nose and sized to extend substantially the width of the user's nose." (The '804 patent.) Seirus' prior art '240 patent discloses all of the features of the middle edge recited in claims 13-15. (The '240 patent, Fig. 3 and col. 3 ll: 27-67.) For example, the '240 patent discloses, "a middle edge 32 in the area above the upper lip. The middle edge 32 extends essentially the width 33 of the nose piece 26, as best seen in FIG. 3. The nose piece 26, together with the middle edge 32, form a breathing aperture 34 for the nostrils." (Id.) Therefore, the Court concludes that the record shows that it would have been obvious to add a middle edge to a mask member.

Accordingly, the Court grants Defendants' summary judgment motion of invalidity of the '804 patent based on obviousness.

**B. 'D652 and '690 Patents**

Defendants also move for summary judgment of invalidity of the 'D652 and '690 patents. This Court has concluded that no infringement exists with respect to these patents. Accordingly, the Court concludes that the summary judgment motion for invalidity is moot.

///

///

///

///

///

///

///

**Conclusion**

For the foregoing reasons, the Court grants Defendants' motion for summary judgment on patent invalidity of U.S. Patent No. 5,214,804, denies Defendants' motion for summary judgment on patent invalidity for anticipation of U.S. Patent No. 5,214,804, and denies Defendants' motions for summary judgment on patent invalidity of U.S. Patent Nos. 6,272,690 and D510,652 as moot.

**IT IS SO ORDERED.**

DATED: November 1, 2011

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT