# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEIRUS INNOVATIVE ACCESSORIES, INC., a Utah corporation,<br><br>　　　Plaintiff / Counterclaim-Defendant,<br>　　vs.<br>CABELA'S INC., a Delaware corporation, and ROSS GLOVE COMPANY, a Wisconsin corporation,<br><br>　　　Defendant / Counterclaim-Plaintiff. | CASE NO. 09-CV-102 H (WMC)<br><br>**FINAL JUDGMENT** |

　　　Pursuant to Federal Rule of Civil Procedure 58(a), the Court enters judgment with respect to the claims asserted by Plaintiff Seirus Innovative Accessories, Inc. ("Seirus") against Defendant Cabela's, Inc. ("Cabela's") and Defendant Ross Glove Company ("Ross Glove") (collectively, "Defendants"); with respect to certain defenses and affirmative defenses asserted by Defendants in response to Seirus' claims; and with respect to the counterclaims asserted by Cabela's against Seirus. The Court entered a series of Orders that dispose of all of the claims and counterclaims in this case. (Doc. Nos. 342, 350, 367, 429, 439, 440 and 446.)

///
///
///
///
///

In accordance with the rulings set forth in those Orders and all relevant proceedings to date,

**IT IS ORDERED AND ADJUDICATED THAT:**

**U.S. Patent No. 5,214,804 (the '804 Patent)**

Claims 1-5; 8-12; and 13-15 of the '804 Patent are invalid as obvious pursuant to 35 U.S.C. § 103. (Doc. No. 446). The Court grants Defendants' motion for summary judgment of invalidity of the '804 Patent based on obviousness. (Id., Doc. No. 8, Claim I.)

**U.S. Patent No. 6,272,690 (the '690 Patent)**

Cabela's' Soft Shell Technical Balaclava does not infringe the '690 Patent (Doc. No. 8, Claim II). (Doc. No. 440.)

**U.S. Patent No. D510,652 (the 'D652 Patent)**

Cabela's' Zip Neck Gaitor does not infringe the 'D652 Patent (Doc. No. 8, Claim III). (Doc. No. 440.)

**Unfair Competition - Trade Dress**

Cabela's' Soft Shell Technical Balaclava, Cabela's' Zip Neck Gaiter, Cabela's' Convertible Hat and Cabela's' Neoprene Face Mask do not infringe Seirus' trade dress. (Doc. Nos. 350, 439.) Seirus' product and packaging trade dress is functional. (Doc. No. 350.) Seirus' product and packaging trade dress does not possess secondary meaning. (Id.) The Court grants Defendants' motion for summary judgment as to Seirus' trade dress claims (Doc. No. 8, Claim IV) in its products and packaging. (Doc. Nos. 350, 439.)

**False Marking**

The Court denies Cabela's' Takings Clause challenge to the America Invents Act ("AIA"). (Doc. No. 429.) The Court grants Seirus' motion for summary adjudication that Seirus did not falsely mark its products with the '804 and '690 patents, and the Court denies Cabela's' cross motion for summary adjudication that Seirus did falsely mark its products with the '690 patent (Doc. No. 61, Counterclaim I). (Id.)

**Unfair Competition under Cal. Bus. & Prof. Code § 17200**

Cabela's' unfair competition counterclaim (Doc. No. 61, Counterclaim II) fails because

Cabela's has not proven that it suffered injury in fact and lost money or property as result of the unfair competition. (Doc. No. 429., citing Cal. Bus. Prof. Code § 17204.) The Court grants Seirus' motion for summary adjudication that Seirus did not commit unfair competition under Cal. Bus. & Prof. Code § 17200. (Id.)

Cabela's and Ross Glove prevailed on the complaint, and Seirus prevailed on Cabela's' counterclaims. Ross Glove did not file counterclaims or join in Cabela's' counterclaims. The Court grants costs to Ross Glove, as the prevailing party. Seirus and Cabela's must bear their own costs, and each party must bear its own attorneys' fees.

**IT IS SO ORDERED**.

Date: January 18, 2012

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT